Frank J. MURPHY, as Guardian ad Litem for the Person and Estate of Gary Fetterolf, Respondent,

v.

James R. SMITH and Helen Smith, Appellants.

No. WD 35706.

Missouri Court of Appeals, Western District.

Oct. 9, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 27, 1984.

Application to Transfer Denied Jan. 15, 1985.

Elwyn L. Cady, Jr., Independence, for appellants.

Frank J. Murphy, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, for respondent.

Before CLARK, P.J., and MANFORD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

After a bench trial, appellants James R. Smith and Helen Smith were ordered removed as guardians of the person and estate of Gary Fetterolf, an incompetent. On this appeal, the Smiths contend the judgment of removal was in error because their conduct was responsive to their statutory duties as guardians. Affirmed.

Gary Fetterolf was injured in an automobile accident December 27, 1970 and on March 10, 1971, he was declared incompetent, the consequence of a head injury suffered in the accident. The Smiths, on their own application, were appointed guardians of Fetterolf's person and estate. For many years, Fetterolf has been a patient at the Marshall State School and Hospital. He is totally incapacitated.

Patients at the Marshall institution are billed for the cost of care based on ability to pay. For the purpose of determining that ability, a report of individual resources is required. The Smiths made such a report on behalf of Fetterolf and represented that he and his estate were possessed of only minimal and inconsequential assets. As a result of Fetterolf's apparent indigency, his charge for daily care was assessed at $1.66.

In 1977, it first came to the attention of officers at the Marshall institution that the Smiths had been receiving social security benefit payments on account of Fetterolf's disability and had accumulated a fund which then amounted to $10,439.15. The state recomputed the amount owed for Fetterolf's past care based on the true resources of the estate and presented a claim to the probate court. In that proceeding, Department of Mental Health v. Smith, Jackson County Circuit Court No. PR79–112492–01, the court found that the Smiths "knowingly, willfully, wrongfully and falsely" had misrepresented to the Department of Mental Health the extent of the estate's assets. The claim was allowed in the amount of $13,828.13 plus accrued interest from September 1, 1971 to December 31, 1978 amounting to $2,348.33. At the date of trial of the present case, the claim remained unpaid by the guardians and had accumulated interest at 9% a year since the date rendered.

When the state acquired notice of the Fetterolf social security benefit entitlement in 1977, the monthly contribution requirement for future care was redetermined and was increased thereafter as social security payments were adjusted nationally. The guardians also failed to pay these monthly care bills regularly and, as of the date of trial, an additional delinquency amounting to $1,184.08 had accumulated. That amount did not subsequently increase because, pursuant to state action in 1983, the Department of Mental Health has been designated representative payee and has received the social security payments for Fetterolf's account.

The judgment in this case ordered appellants removed as guardians for several enumerated reasons among which were failure to pay the allowed claim of the Marshall State School and Hospital, the failure to pay current charges in full incurred by the incompetent at the Marshall institution during the period from 1979 to 1982 and because the continued status of the incompetent as a patient at the Marshall facility was jeopardized by the failure of the guardians to pay the ward's accounts.

Appellants' brief and argument are less than models of clarity and the statement of the single point on appeal is of doubtful relevance or application to the facts. As best the contention can be interpreted, however, the guardians assert that the amount of the allowed claim for past care of the incompetent exceeded the funds of the estate and, therefore, in discharge of their duties as guardians, appellants were obligated not to make payment on the claim until forced to do so. This, they say, necessitated a recourse by the state to execution, as provided in § 475.260, Laws of Mo.1983, p. 885, through application of § 473.573, RSMo 1978. The appellants' position is that they breached no duty by requiring the Marshall school to enforce its allowed claim by execution against the guardians.

■ We assume for disposition of the point, although the record provides no confirmation, that present assets of the guardianship estate amount to less than the balance of the judgment awarded the Department of Mental Health on its claim. The fact remains, however, that the claim has been allowed after vigorous contest by appellants. Section 475.213, Laws of Mo. 1983, p. 884 required the guardian[1] to pay all allowed claims, as far as he has assets. If potential but unallowed claims against

1. The term "conservator" has been substituted in the 1983 amendment to the statute and "pro- tectee" is used in place of ward or incompetent.

an estate offer the prospect that limited estate assets may require payment in discounted amounts, the guardian is obligated by the statute to provide the clerk of the court with names and addresses of creditors for the purpose of giving notice. Within the time specified after notice, the guardian may then consider unfiled claims as barred and pro rata distribution may be made.

In this case, appellants have not suggested that any other claims may be outstanding against this estate and there has been no showing that expenses of administration have been allowed or will be allowed. Apart from court costs, the amount of which has not been described, the sole obligation of the estate, discernable from this record, is the subject claim due the Department of Mental Health. It is the sheerist sophistry to assert, as do appellants, that they are somehow fulfilling a fiduciary duty by requiring the creditor, the Department of Mental Health, to resort to execution to force appellants to meet their statutory duty to pay the claim to the extent of estate resources.

The trial court found that appellants should be removed as guardians because they failed to pay the allowed claim of the Department of Mental Health without just cause or excuse. That finding was amply supported by the evidence for the reasons mentioned above. Appellants' removal, however, was not conditioned alone on this finding. Although appellants contest their removal only as unjustified because of the claim circumstance, the trial court recited other grounds for its judgment.

■ According to the evidence, appellants also failed to pay when due other bills rendered by the Marshall facility for board, care and clothing of the ward and, as a consequence of the continuing delinquencies in the account, the status of Fetterolf as a patient at the hospital was placed in jeopardy. In short, while appellants accumulated a large sum of money in the estate account, the beneficiary was dependent upon state charity, as a matter of grace potentially terminable from day to day, for

his board and care. The court found that in so doing and by incurring the expenses associated with the misrepresentation of the estate assets and the subsequent claim proceedings, appellants mismanaged the financial affairs of the ward to his potential detriment. The record also supports this finding made by the trial court.

The trial court properly ordered the letters of guardianship previously issued to appellants revoked. That judgment is affirmed.

All concur.